**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
GUY MOLINARI, et al.,

                            Plaintiffs,

            - against -

MICHAEL R. BLOOMBERG, et al.,

                           Defendants.
-----------------------------------------------------------X

**ORDER**

CV 08-4539 (ERK) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

       The plaintiffs in this action have filed a complaint alleging four causes of action challenging the recent enactment by the City of New York (the "City") of Local Law 51 of 2008, which amended the applicable term limits for certain elected officials so as to allow them three consecutive terms rather than two. Docket Entry ("DE") 1 (Complaint). In addition to seeking a declaration that the enactment is unconstitutional, the plaintiffs seek an injunction that would prevent any City official who would have been barred from seeking re-election in 2009 absent the enactment at issue from appearing on the ballot in the next election. *Id*. at 46.

       In completing the "Civil Cover Sheet" that must be submitted with any new complaint, the plaintiffs' counsel asserted that the instant litigation is "related" to two earlier lawsuits, neither of which was previously deemed related to the other, but both of which were assigned by random selection to the Honorable Edward R. Korman, United States District Judge: *Guy Molinari, et al. v. William Powers, et al.*, Docket No. 99-CV-8447 (ERK) (ASC); and *Noach Dear, et al. v. Bd. of Elections, et al.*, Docket No. 03-CV-3739 (ERK) (JMA). As a result of that unilateral designation of relatedness, the Clerk assigned the case specifically to Judge Korman rather than assigning it by random selection. *See* DE 2.

The Civil Cover Sheet contains no further explanation of the designation, nor does it require any such explanation; rather, the form simply provides a blank for counsel to enter the docket number of any related case and refers counsel to the following instruction: "Related Cases. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases." Instructions for Attorneys Completing Civil Cover Sheet Form JS 44 § VIII, *available at* http://www.nyed.uscourts.gov/pub/docs/courtforms/js44Instructions.pdf. Attorneys are thus instructed to designate a case as related if there are any related cases, a tautology that provides no guidance as to what constitutes a sufficient relationship.

The local rules of this court do provide some guidance, although it is not clear if the attorneys filing the instant case consulted them before making their designation. Specifically, the rule provides as follows:

> (a) "Related" Case Defined.
>
> A case is "related" to another for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial savings of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge.
>
> (b) Civil Cases.
>
> By way of illustration and not limitation, a civil case may be deemed "related" to an earlier case when the civil case: (A) relates to property involved in an earlier case, or (B) involves the same factual issue or grows out of the same transaction as does an earlier case, or [(C)] involves the validity or infringement of a patent already in suit in a prior case.

Loc. Civ. R. 50.3(a)-(b), *available at* http://www.nyed.uscourts.gov/pub/docs/localrules.pdf.

It is not immediately apparent that this case may properly be considered related to either of the lawsuits that the plaintiffs' counsel cited in the Civil Cover Sheet. The earlier *Molinari* action concerned a presidential candidate's effort to gain access to the ballot in a single party's primary election in 2000. *See Molinari v. Powers*, 82 F. Supp. 2d 57 (E.D.N.Y. 2000). Aside from the fact that Guy Molinari was one of three plaintiffs in the earlier action and one of twenty-six plaintiffs now before the court, there appears to be no commonality of facts or legal issues between the two cases.

None of the plaintiffs in this case was a party to the *Dear* litigation, although three of the defendants in that case – the City's Mayor, legislative Council, and Board of Elections – are also defendants here. The plaintiffs in *Dear* raised a challenge to the City's term limits law as it existed before the enactment of Local Law 51, and in particular sought relief that would allow a candidate to gain access to the ballot who would otherwise be ineligible for election due to term limits. *See Dear v. Bd. of Elections*, 2003 WL 22077679 (E.D.N.Y. Aug. 25, 2003). In contrast, the instant lawsuit challenges the City's amendment to the term limits law that existed at the time of the *Dear* action – the plaintiffs here seek to preserve what the *Dear* plaintiffs sought to undo. Moreover, unlike the *Dear* plaintiffs who sought to increase the range of choices available to voters, the plaintiffs in this case seek to deny ballot access to a class of potential candidates.

Under the circumstances, it is far from obvious that assigning the instant case to Judge Korman will result in any savings of judicial resources, much less a substantial one. The circumstances presented here plainly do not match the three paradigmatic examples of "related" cases set forth in Local Civil Rule 50.3(b). Nor is there necessarily the kind of factual – or even legal – overlap between the supposedly related cases that will make it easier for Judge Korman to

get up to speed in the new case based on any familiarity with its predecessors. Indeed, in that regard I note that the earlier *Molinari* case appears to have had no facts or legal issues in common with this one, and that the *Dear* case was dismissed primarily on grounds of *res judicata* and collateral estoppel. *See Dear*, 2003 WL 22077679, at *7-13.

Accordingly, I order the plaintiffs in the instant case to show cause in writing, no later than November 19, 2008, why I should not direct the Clerk to reassign the case to a randomly selected judge. Any party wishing to respond to any such submission may do so in writing no later than November 26, 2008. I further direct the plaintiffs' counsel immediately to provide a copy of this order, and of any subsequent submission on the instant matter, to counsel for each defendant.

**SO ORDERED.**

Dated: Brooklyn, New York
November 12, 2008

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge