UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Guy Molinari, William C. Thompson, Jr.,
individually and in his official capacity
as the New York City Comptroller, Betsy
Gotbaum, individually and in her official
capacity as Public Advocate for the City
of New York, Bill de Blasio, individually
and in his official capacity as a member
of the New York City Council, Letitia
James, individually and in her official
capacity as a member of the New York City
Council, Charles Barron, individually and
in his capacity as a member of the New
York City Council, Rosalie Caliendo,
Phillip Depaolo, Philip Foglia, Kent
Lebsock, Mike Long, Tom Long, Sarah Lyons,
Andrea Rich, Ida Sanoff, Gloria Smith,
Eric Snyder, Luvenia Suber, Kenneth J.
Baer, Kenneth A. Diamondstone, Peter
Gleason, Mark Winston Griffith, Ari
Hoffnung, Stanley Kalathara, Alfonso
Quiroz, Ydanis Rodriguez, Jo Anne Simon,
New York Public Interest Research Group,
Inc., U.S. Term Limits, and Responsible
New York,

                    Plaintiffs,          CV-08-4539 (CPS)(JO)

     - against -
                                         MEMORANDUM OPINION
                                         AND ORDER

Michael R. Bloomberg, in his official
capacity as Mayor of New York City,
Christine C. Quinn, in her official
capacity as Speaker of the New York City
Council, The New York City Council, The
City of New York, James J. Sampel, in his
official capacity as president of the
Commissioners of Elections for the Board
of Elections in New York City, and Board
of Elections of New York City,

                    Defendants.

----------------------------------------X

SIFTON, Senior Judge.

Plaintiffs Guy Molinari, William C. Thompson, Jr. individually and in his official capacity as the New York City Comptroller, Betsy Gotbaum ("Gotbaum"), individually and in her official capacity as Public Advocate for the City of New York, Bill de Blasio ("de Blasio"), individually and in his official capacity as a member of the New York City Council, Letitia James ("James"), individually and in her official capacity as a member of the New York City Council, Charles Barron ("Barron"), individually and in his official capacity as a member of the New York City Council, Rosalie Caliendo, Phillip Depaolo, Philip Foglia, Kent Lebsock, Mike Long, Tom Long, Sarah Lyons, Andrea Rich, Ida Sanoff, Gloria Smith, Eric Snyder, Luvenia Suber, Kenneth J. Baer, Kenneth A. Diamondstone, Peter Gleason, Mark Winston Griffith, Ari Hoffnung, Stanley Kalathara, Alfonso Quiroz, Ydanis Rodriguez, Jo Anne Simon, New York Public Interest Research Group, Inc. ("NYPIRG"), U.S. Term Limits, and Responsible New York ("plaintiffs") commenced this action against Michael R. Bloomberg ("Mayor Bloomberg"), in his official capacity as mayor of New York City, Christine C. Quinn, in her official capacity as Speaker of the New York City Council ("Speaker Quinn"), The New York City Council, The City of New York, James J. Sampel, in his official capacity as president of the Commissioners of Elections for the Board of Elections in New

York City, and Board of Elections of New York City
("defendants").  Plaintiffs or some of them allege against some
or all of the defendants (1) deprivation of asserted First
Amendment rights to a meaningful vote in violation of 42 U.S.C. §
1983 (" § 1983") (Claim I); (2) chilling of asserted First
Amendment rights to political expression in violation of § 1983
(Claim II); (3) denial of asserted First Amendment rights to
access to the ballot in violation of § 1983 (Claim III); (4)
denial of asserted Fourteenth Amendment rights to Due Process in
violation of § 1983 (Claim IV); (5) disenfranchisement of voters
in violation of Article I, § 1 of the New York State Constitution
(Claim V); (6) violation of the requirement of Municipal Home
Rule Law § 23(2) that voters approve fundamental changes to the
City Council by referendum (Claim VI); (7) violation of the
requirement of City Charter § 38 that voters approve fundamental
changes to their electoral and governmental structure (Claim
VII); (8) actions in excess of the powers of the City Council
under Municipal Home Rule Law §§ 10, 23 and City Charter §§ 23,
38, and 40 (Claim VIII); (9) violating the public policy of New
York established in City Charter §§ 38, 1137, 1138 (Claim IX);
(10) conflicts of interest on the part of Council Members in
violation of City Charter § 2604(b)(3) (Claim X); (11) conflicts
of interest on the part of Mayor Bloomberg in violation of City
Charter § 2604(b)(3) (Claim XI); and (12) knowingly aiding and

abetting the Mayor's violations of City Charter § 2604(b)(3) in violation of City Charter § 2604(b)(2) and Conflicts Board Rule 1-13(d) (Claim XII). Plaintiffs seek a declaratory judgment that the term-limits amendment is unconstitutional under the United States and New York State Constitutions, a declaratory judgment that the term-limits amendment violates the Municipal Home Rule Law and the City Charter, a declaratory judgment that the term-limits amendment is invalid because it was enacted in violation of City Charter conflicts provisions, an injunction barring the Board of Elections from listing term-limited city officials on the ballot in the 2009 City elections, costs, and attorneys' fees.

Presently before this Court are several motions by Jose Adames ("the Applicant"), including motions to intervene in this action or to consolidate this action with another case, pending in the Southern District of New York, in which he is plaintiff, captioned *Jose Adames v. Michael Bloomberg et al.*, No. 08-CV-3804 (the "Adames Action").[1]  For the reasons stated below, the motions are denied.

---

[1] In addition to his motions to intervene and/or consolidate, the Applicant seeks relief under six other Rules of Civil Procedure: Rule 15 (Amended and Supplemental Pleadings); Rule 18 (Joinder of Claims); Rule 19 (Required Joinder of Parties); Rule 20 (Permissive Joinder of Parties); Rule 21 (Misjoinder and Nonjoinder of Parties); and Rule 22 (Interpleader).  By application dated December 29, 2008 and by second application dated January 7, 2009, the Applicant also seeks an entry of default pursuant to Federal Rule of Civil Procedure 55(a) and the immediate removal of Mayor Bloomberg from office.

**BACKGROUND**

Familiarity with the factual background of this matter is presumed. For a detailed description of the underlying facts, see *Molinari v. Bloomberg*, No. CV-08-4539, 2008 WL 5412433, at *2-5 (E.D.N.Y. Dec. 22, 2008). What follows is a brief description of the Adames Action.

The Adames Action concerns allegations of wrongs done to the Applicant personally by Mayor Bloomberg and by others relating to the 2005 mayoral election. The Applicant alleges that he was the victim of a complex plot designed to thwart his 2005 mayoral campaign. Adames Compl. ¶ 11. The Applicant claims that Mayor Bloomberg destroyed his campaign by using political repression and vandalism, *id.* ¶ 69, and by conspiring with Bank of America, *id.* ¶¶ 225, 236, Hewlett Packard, *id.* ¶ 233, and MCI, *id.* ¶ 262, to frustrate the Applicant's campaign. The alleged injury the Applicant suffered is that Mayor Bloomberg usurped the office of Mayor from him and that he himself is the legal Mayor of New York City. The complaint in the Adames Action makes no reference to the term-limits amendment and does not discuss term limits.

**DISCUSSION**

<u>Intervention</u>

*1.    Standard for Intervention*

Pursuant to Federal Rule of Civil Procedure 24 ("Rule 24"), on a timely motion, a federal court must permit any party to

intervene if such party:

> (1) is given an unconditional right to intervene by a federal statute; or

> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

Because no federal statute confers an unconditional right to intervene on the Applicant, in order to intervene as of right, the Applicant must qualify under Rule 24(a)(2). To intervene as of right under Rule 24(a)(2), the applicant must establish the following: (1) a timely motion; (2) an interest in the subject matter of the action; (3) an impairment of that interest without intervention; and (4) that his interest is not adequately represented by other parties to the litigation. *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994). Although the test for intervention is flexible, failure to satisfy any one of the requirements is sufficient grounds to deny the application. *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 176 (2d Cir. 2001).

Alternatively, permissive intervention is available upon a showing of a claim or defense that shares with the main action a

common question of law or fact. Fed. R. Civ. P. 24(b)(1)(B).[2]
Substantially the same factors are considered in both permissive
intervention requests and applications for intervention as a
matter of right. *In re Merrill Lynch & Co.*, No. 02-CV-1484, 2008
WL 2594819, at *4 (S.D.N.Y. June 26, 2008) (citing *In re Bank of
New York Derivative Litig.*, 320 F.3d 291, 300 n.5 (2d Cir.
2003)).[3]

*2.   Intervention as of Right*

Even assuming for purposes of this motion that the
Applicant's request to intervene was timely filed, the Applicant
cannot satisfy any of the other requirements for intervention as
of right.

*a.   Whether the Applicant Has an Interest in the Action*

In order to intervene as of right, the proposed intervenor
must first demonstrate that he or she has an interest in the
action that is "direct, substantial, and legally protectible."
*United States v. City of New York*, No. 07-CV-2067, 2007 WL
2581911, at *3 (E.D.N.Y. Sep. 5, 2007) (collecting cases). But
the Applicant's personal interest in seeing himself installed as

---

[2] The applicant may not seek permissive intervention under Rule
24(b)(1)(A) because no federal statute confers on him "a conditional right to
intervene." Fed. R. Civ. P. 24(b)(1)(A).

[3] Although *pro se* submissions are to be construed liberally and
interpreted "to raise the strongest arguments that they suggest," *Burgos v.
Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), the Applicant nevertheless fails to
establish sufficient grounds to support intervention, consolidation or any of
the other various forms of relief for which he moves. *See Pandozy v. Segan*,
518 F. Supp. 2d 550, 554 (S.D.N.Y. 2007) (noting that *pro se* status of
plaintiff does not excuse non-compliance with federal pleading requirements).

the "rightful" Mayor of New York and in seeking recompense for
harms allegedly suffered at the hands of a conspiracy related to
the 2005 mayoral election is entirely distinct from plaintiffs'
interests in vindicating their rights with regards to the term-
limits amendment.  Without the predicate showing of an interest
in the subject matter of this action, the Applicant cannot
intervene as of right.  *See, e.g.*, *Restor-A-Dent Dental Labs.,
Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 876 (2d Cir.
1984) (denying insurer's application for intervention where court
found it had no interest in subject matter of breach of contract
action involving insured).

 *b. Potential for Impairment of the Applicant's Interest*s

 Similarly, the Applicant has failed to demonstrate that,
absent intervention, "the disposition of the action may, as a
practical matter, impair or impede" his interests.  *Commack Self-
Service Kosher Meats, Inc. v. Rubin*, 170 F.R.D. 93, 103 (E.D.N.Y.
1996) (quoting *United States v. Pitney Bowes, Inc.*, 25 F.3d 66,
70 (2d Cir. 1994)).  This Court's determination of plaintiffs'
federal and state claims arising out of the term-limits amendment
will have no impact on the Applicant's interests in challenging
Mayor Bloomberg's election in the 2005 mayoral election or in
arguing that he has been harmed by virtue of a conspiracy.

 *c. Whether the Applicant Is Adequately Represented*

 Although a proposed intervenor has a minimal burden of

showing that representation of his interests in the suit in which he wishes to intervene is inadequate, *see United States Postal Svc. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978) (citation omitted), failure to establish any interest in the action obviates consideration of this element. *See City of New York*, 2007 WL 2581911, at *5 ("Even if the [proposed intervenor's] alleged interest would not be adequately represented by existing parties . . . I would still deny its motion to intervene because the [proposed intervenor] has not identified a direct legal interest in the liability phase of this case"). Because, as set forth above, the Applicant has no interest in this action, he has no interest requiring adequate representation.

*3. Permissive Intervention*

Nor does the Applicant meet the basic requirement for permissive intervention, *i.e.*, a showing of a common question of law or fact between the Applicant's claim or defense and the pending litigation. As discussed above, the Applicant's claims are based on the allegation that Mayor Bloomberg conspired with various other parties to frustrate and thwart the Applicant's own mayoral campaign in 2005. In the Adames Action, the Applicant seeks monetary relief for the alleged harms that resulted from this conspiracy and declaratory relief installing him as Mayor of New York. The Adames Action does not mention or in any way implicate the term-limits amendment. By contrast, the claims in

this action are that the term-limits amendment violates the federal and New York state constitutions as well as New York state and local law. Because the Applicant's claims are wholly unrelated to this action, and because the two actions do not share any common issues of law or fact, permissive intervention is inappropriate. *See, e.g.*, *Weller v. Actor's Equity Assoc.*, 93 F.R.D. 329, 330 (S.D.N.Y. 1981) (denying motion to permit intervention where proposed intervenor's claim contained no question of law or fact in common with the main action).

Permissive intervention is also inappropriate because it would result in undue delay to these proceedings and thereby prejudice the adjudication of plaintiffs' rights. *United States Postal Svc.*, 579 F.2d at 191; *City of New York*, 2007 WL 2581911, at *6. I have already recognized the need for prompt resolution of this matter in advance of the 2009 New York City election cycle. Allowing the Applicant to intervene in this matter, which might well necessitate additional briefing and discovery, would undoubtedly delay my decision on the merits.

Consolidation

*1.   Standard for Consolidation*

To succeed on a motion for consolidation, the moving party must demonstrate that the actions sought to be consolidated are before the same court and contain common questions of law or fact. Fed. R. Civ. P. 42. Even upon the requisite showing, a

court has broad discretion in determining whether consolidation is appropriate by balancing the economy gained and prejudice to parties. *See Haas v. Brookhaven Memorial Hosp.*, No. 07-CV-4788, 2008 WL 822121, at *2 (E.D.N.Y. Mar. 26, 2008) (denying plaintiff's motion to consolidate because he made no showing on the record that consolidation would assist judicial economy or avoid unnecessary delays or confusion); *Smith v. Everson*, No. 06-CV-0791, 2007 WL 2294320, at *3 (E.D.N.Y. Aug. 6, 2007) (denying motion to consolidate where consolidation would lead to confusion in light of distinct issues involved and would not improve efficiency of discovery); *Johnson v. Kerney*, No. 91-CV-2028, 1993 WL 547466, at *6 (E.D.N.Y. Dec. 22, 1993) (denying motion to consolidate in order to avoid potential confusion and prejudice to plaintiff).

As an initial matter, Federal Rule of Procedure 42 only applies to matters before the same court. Because the Adames Action is pending in the Southern District of New York, as opposed to this Court, consolidation is inappropriate. *See Alston v. New York City Transit Auth.*, No. 97-CV-1080, 1998 WL 437154, at *1 (S.D.N.Y. Aug. 3, 1998); *Smith v. City of New York*, 950 F. Supp. 55, 59 (E.D.N.Y. 1996). But even if the Adames Action were pending before this Court, the Applicant does not even attempt to show any common issues of fact or law between his action and this action. Nor could he. The Adames Action

- 12 -

concerns the 2005 mayoral election and a subsequent alleged
conspiracy by Mayor Bloomberg and others to injure the Applicant.
This action relates solely to the term-limits amendment.
Consolidating the two distinct proceedings is therefore
inappropriate. *See, e.g.*, *Smith*, 2007 WL 2294320, at *3 (denying
consolidation where one case involved income tax assessments and
penalties and another involved intentional tortious interference
with plaintiff's business by then Attorney General Spitzer's
office).

The Applicant's Other Motions

The Applicant's additional requests under Federal Rules of
Civil Procedure 15, 18, 19, 20, and 22, *see supra* n.1, are
facially inapplicable here, and the Applicant provides no support
for them in his moving papers.  Accordingly, the requests are
denied.  The Applicant's motion for default pursuant to Rule
55(b) is also denied as moot, as the Applicant is not a party to
this matter and therefore is not entitled to default judgment.

**CONCLUSION**

For the reasons stated above, the Applicant's motions are
denied.  The Clerk is hereby directed to transmit a copy of the
within to the parties and the Magistrate Judge.

SO ORDERED.
Dated:     Brooklyn, NY
           January 13, 2009

                    By:/s/ Charles P. Sifton (electronically signed)
                         United States District Judge